UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| JERRY ERNEST LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>F.B.I. OF SALT LAKE CITY; and UNITED STATES OF AMERICA,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING AMENDED COMPLAINT**<br><br>Case No. 1:24-cv-00028<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Jerry Ernest Lopez, proceeding without an attorney and without paying a filing fee,[1] filed this action against "F.B.I. of Salt Lake City" and the United States of America.[2] As explained below, because the complaint fails to state a claim and seeks damages against immune defendants, Mr. Lopez is permitted to file an amended complaint by **July 2, 2024**.

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from

---

[1] (*See* Order Granting Mot. to Proceed In Forma Pauperis and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 4.)

[2] (Compl., Doc. No. 5.)

1

such relief."³  In determining whether the complaint fails to state a claim, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.⁴  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."⁵  The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.⁶  But the court need not accept the plaintiff's conclusory allegations as true.⁷  "[A] plaintiff must offer specific factual allegations to support each claim."⁸

Because Mr. Lopez proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."⁹  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."¹⁰  For instance, a pro se plaintiff "still has the burden of alleging

---

³ 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

⁴ *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

⁵ *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

⁶ *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

⁷ *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

⁸ *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

⁹ *Hall*, 935 F.2d at 1110.

¹⁰ *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

sufficient facts on which a recognized legal claim could be based."[11]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[12] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[13]

## ANALYSIS

Mr. Lopez filed a form civil rights complaint naming "F.B.I. of Salt Lake City" and the United States as defendants.[14]  As explained below, because the complaint fails to state a claim and seeks damages against immune defendants, Mr. Lopez will be given an opportunity to amend his complaint.

Mr. Lopez checked a box on the complaint form indicating he is bringing claims under 42 U.S.C. § 1983.[15]  He describes his claims as "violations of the right to government services" and "the right to be free from discrimination."[16]  Mr. Lopez's supporting allegations are as follows, verbatim: "Experienced harassment due to civil

---

[11] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[12] *Hall*, 935 F.2d at 1110.

[13] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[14] (*See* Compl. 1, Doc. No. 5.)

[15] (*See id.*)

[16] (*Id.* at 4.)

suits in federal court reported to courthouse and had prosecutor and directed to F.B.I. when reported 11 times in Salt Lake and 4 times in Missouri went uninvestigated due to me being a pro se prosecutor."[17] He also alleges: "If not discriminated upon due to pro se status and defendants in civil suits being law enforcement I would not [have] experienced harassment resulting in great bodily harm."[18] He seeks damages of $20 million.[19]

Mr. Lopez's complaint fails to state a claim under 42 U.S.C. § 1983 because the defendants are not state actors. To state a § 1983 claim, "a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law."[20] The United States and the FBI (a federal agency) are not proper defendants under § 1983.[21] Mr. Lopez also checked boxes on the complaint form indicating the defendants are not acting under color of state law.[22]

Mr. Lopez also fails to state a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*.[23] *Bivens* permits a private action for damages

---

[17] (*Id.*)

[18] (*Id.*)

[19] (*Id.* at 6.)

[20] *Watson v. Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

[21] *See Vacek v. Court of Appeals*, No. CIV 07-1187, 2008 U.S. Dist. LEXIS 144667, at *5 (D.N.M. Apr. 28, 2008) (unpublished) ("[T]he FBI is not a proper defendant in a § 1983 case.").

[22] (*See* Compl. 4, Doc. No. 5.)

[23] 403 U.S. 388 (1971).

against federal officials for constitutional violations in certain contexts.[24] But a "*Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies."[25] The United States and its agencies are protected by sovereign immunity from such claims.[26] Thus, the United States and the FBI are also improper defendants under *Bivens*.[27]

      Mr. Lopez's allegations do not appear to support any other cognizable cause of action against the named defendants. Because Mr. Lopez fails to state a plausible claim for relief and seeks damages against immune defendants, the complaint is subject to dismissal.[28] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he

---

[24] *See Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987) ("A *Bivens* action seeks to impose personal liability and damages on a federal official for the violation of a constitutional right."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (describing *Bivens* actions as a "federal analog" to § 1983 suits in the limited settings where *Bivens* applies).

[25] *Smith*, 561 F.3d at 1099 (citations omitted).

[26] *See Chapoose*, 831 F.2d at 935; *see also Johnson v. Gallagher*, No. 17-cv-02993, 2018 U.S. Dist. LEXIS 232483, at *11 (D. Colo. Apr. 5, 2018) (unpublished) ("The United States has not waived sovereign immunity for itself under *Bivens* for constitutional tort claims.").

[27] *See Vacek*, 2008 U.S. Dist. LEXIS 144667, at *5 (noting the FBI is not a proper defendant "in a case alleging violations of constitutional rights by federal employees").

[28] *See* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

has alleged and it would be futile to give him an opportunity to amend."[29] Accordingly, Mr. Lopez will be given an opportunity to amend his complaint.

## CONCLUSION

1. Mr. Lopez may file an amended complaint by **July 2, 2024**. The words "Amended Complaint" should appear in the caption of the document.

2. Mr. Lopez is advised that an amended complaint will completely replace all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[30]

3. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule DUCivR 3-2(b) of the Local Rules of Civil Practice.[31]

---

[29] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[30] *See Pierce v. Williams*, No. CIV 20-284, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

[31] *See* DUCivR 3-2(b), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202023.pdf [https://perma.cc/YJY4-VSML].

4. Other than an amended complaint, the restriction on filing other documents set forth in the court's February 27, 2024 order[32] remains in place.

5. Failure to file an amended complaint may result in dismissal of this action.

DATED this 10th day of June, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[32] (Doc. No. 4.)